IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHARLES PRICE, #360894
a/k/a Dayton Harris
a/k/a Nocchio,
      Plaintiff,

v.        * CIVIL ACTION NO. WDQ-13-1805

KATHERINE SMELTZER,
TYRA BARNES,
      Defendants.

\*\*\*

## MEMORANDUM OPINION

Plaintiff, a prisoner housed at the North Branch Correctional Institution, filed this 42 U.S.C. § 1983 complaint on June 20, 2013, against Baltimore City Assistant State's Attorneys Katharine Smeltzer and Tyra Barnes. Affording the self-represented complaint a generous interpretation, it appears that plaintiff is complaining that defendants knowingly used perjured testimony during the course of his criminal trial in the Circuit Court for Baltimore City, without affording him the ability to challenge police reports.[1] He seeks "service of process for United States intervention to [the] fullest extent of federal law (hearing)." ECF No. 1. Plaintiff's motion for leave to proceed *in forma pauperis* will be granted. However, the case, which will be construed as a hybrid § 1983 civil rights action and 28 U.S.C. § 2254 habeas corpus petition, will be summarily dismissed.

To the extent that plaintiff seeks declaratory relief under § 1983, his complaint is subject to dismissal. Defendants cannot be held liable for their action in prosecuting plaintiff. A

---

[1] The state court criminal docket shows that on August 18, 2009, plaintiff was convicted of first and second-degree rape, first-, second-, third-, and fourth-degree sexual offense, and first and second-degree assault. *See State v Price*, Criminal Case Nos. 107053050, 107053051, and 107053052 (Circuit Court for Baltimore City).

prosecutor is a quasi-judicial officer who enjoys absolute immunity when performing prosecutorial, as opposed to investigative or administrative, functions. *See Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Springmen v. Williams*, 122 F.3d 211, 212-13 (4th Cir. 1997); *Lyles v. Sparks*, 79 F.3d 372, 376-77 (4th Cir. 1996).

Further, to the extent that Plaintiff is seeking to vacate his 2009 convictions, his action may be construed as a 28 U.S.C. § 2254 petition for habeas corpus relief. When filing a federal habeas corpus application under § 2254, however, a petitioner must show that all of his claims have been presented to the state courts. *See* 28 U.S.C. § 2254(b), (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it. For a person convicted of a criminal offense in Maryland this may be accomplished either on direct appeal or in post-conviction proceedings. To exhaust a claim through post-conviction proceedings, it must be raised in a petition filed in the Circuit Court and in an application for leave to appeal to the Court of Special Appeals. *See* Md. Code Ann., Crim. Pro. §§ 7-101 *et seq.* If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. If, however, the application is granted but relief on the merits of the claim is denied, the petitioner must seek certiorari to the Court of Appeals. *See Stachowski v. State*, 6 A.3d 907 (2010); *Williams v. State*, 438 A.2d 1301 (1981).

There is no indication that Plaintiff pursued a direct appeal from his conviction. However, it appears that he is currently seeking post-conviction relief in the Maryland courts. See ECF No. 1-1 at 1; Case No. 24H13000179 (Circuit Court for Baltimore City). Accordingly, this case will be dismissed without prejudice. A separate Order follows.

Date: July 2, 2013

/s/ William D. Quarles, Jr.
William D. Quarles, Jr.
United States District Judge